This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                                    **NO. 30,799**

**LORENZO AGUILERA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Lisa C. Schultz, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Chief Public Defender
Kimberly Chavez Cook, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**KENNEDY, Judge.**

Defendant appeals the district court's order setting Defendant's case for bench trial and denying Defendant's appeal from a magistrate court order rejecting his

request for a jury trial. [RP 82] We issued a calendar notice proposing to dismiss the appeal because it appears a final order was never entered in magistrate court. Defendant filed a memorandum in opposition. We remain persuaded as to the proposed outcome and dismiss the appeal for the reasons stated in the calendar notice.

In his memorandum in opposition, Defendant urges this Court to reach the merits of Defendant's appeal. He argues Defendant's appeal should not be postponed merely to satisfy the technical requirement of a written order. While we acknowledge we are concerned by the implication to Defendant of the apparent practice of postponing the sentencing phase in cases of conditional pleas in some magistrate courts, we decline to make an exception as to the requirement of a final written order in this case.

As more fully outlined in our calendar notice, the long-standing rule in New Mexico is that in criminal cases, "the judgment is final for the purpose of appeal when it terminates the litigation on the merits and leaves nothing to be done but [enforcement] . . . . A sentence must be imposed to complete the steps of the prosecution." *State v. Durant*, 2000-NMCA-066, ¶ 5, 129 N.M. 345, 7 P.3d 495 (alteration in original) (emphasis omitted) (internal quotation marks and citations omitted). Therefore, the final judgment in criminal cases "either adjudicates the defendant guilty and imposes, suspends, or defers sentence or dismisses the charges."

*Id.*; *see also State v. Celusniak*, 2004-NMCA-070, ¶ 14, 135 N.M. 728, 93 P.3d 10 (reiterating that the final judgment in a criminal case either convicts the defendant of a criminal offense and imposes, suspends, or defers sentence or dismisses the charges against the defendant).   This is not a requirement that is litigated on a case-by-case basis.  *State v. Lohberger,* 2008-NMSC-033, ¶ 22, 144 N.M. 297, 187 P.3d 162.

We therefore dismiss the appeal for lack of a final order.  Once a final order has been entered, Defendant may appeal in accordance with our Rules of Appellate procedure.

**IT IS SO ORDERED.**

_____
**RODERICK T. KENNEDY, Judge**

**WE CONCUR**:

_____
**LINDA M. VANZI, Judge**

_____
**TIMOTHY L. GARCIA, Judge**

3